IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MIDWEST ATHLETICS AND SPORTS ALLIANCE LLC**, <br><br> *Plaintiff,* <br><br> v. <br><br> **RICOH USA, INC.,** <br><br> *Defendant.* | **Case No. 2:20-cv-05871-JDW** |

### ORDER

**AND NOW**, this 3rd day of March, 2023, upon consideration of Midwest Athletics and Sports Alliance LLC's Motion To File Amended Complaint And To Stay The Case With Respect To The '285 Patent (ECF No. 26), I note the following.

1. The Federal Circuit applies regional circuit law to procedural questions that are not themselves substantive patent law issues so long as they do not (A) pertain to patent law, (B) bear an essential relationship to matters committed to the Federal Circuit's exclusive control by statute, or (C) clearly implicate the jurisprudential responsibilities of the Federal Circuit in a field within its exclusive jurisdiction. *See GFI, Inc. v. Franklin Corp.*, 265 F.3d 1268, 1272 (Fed. Cir. 2001). Thus, the Court applies Third Circuit law with respect to motions to amend pleadings in patent cases.

2. Federal Rule of Civil Procedure 15 embraces the liberal amendment of pleadings and instructs courts to "freely give leave [to amend] when justice so requires."

Fed. R. Civ. P. 15(a)(2). Despite this liberal amendment regime, a court may deny leave to amend based on undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies in prior amendments, prejudice to the opposing party, and futility. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

3. "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Travelers Indem. Co. v. Dammann & Co., Inc.*, 594 F.3d 238, 243 (3d Cir. 2010) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)). In determining whether amendment would be futile, "the district court applies the same standard of legal sufficiency as applies under [Federal] Rule [of Civil Procedure] 12(b)(6)." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1434. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016).

**Count I – the '756 Patent**

4. MASA has stated a plausible claim of infringement of U.S. Patent No. 6,462,756 (the "'756 Patent"). In *Midwest Athletics and Sports Alliance, LLC v. Ricoh USA, Inc.*, No. 2:19-cv-00514-JDW and *Midwest Athletics and Sports Alliance, LLC v. Ricoh USA, Inc.*, No. 2:19-cv-03423-JDW (together "*MASA I/II*"), I construed the term "user input device" (from Claim 1 of U.S. Patent No. 6,411,314) to require hardware. The '756 Patent also claims a "user input device." Even if my construction from *MASA I/II* applies to '756

Patent's claim terms, MASA's proposed Amended Complaint includes allegations that "the Ricoh Pro Series with TotalFlow uses a display device (a display) that is coupled to a computer that that runs Ricoh TotalFlow." (ECF No. 26-2 at ¶ 39.) For example, MASA attached a product brochure for the RICOH Pro C5300s/C5310s that appears to identify a hardware device: a 10" Smart Operation Panel with tablet-like features. (ECF No. 27-5 at page 8 of 13.) In addition, MASA provided visual depictions of other Accused Products that also appear to include a similar tablet-like hardware device. (*See* ECF No. 26-2 at ¶¶ 24-26.) Because it is plausible that these tablet-like devices might satisfy the "user input device" claim element, I will not deny MASA leave to amend Count I.

5. In addition, Ricoh is wrong that the Court adjudicated this claim in *MASA I/II*. Tellingly, Ricoh never refers to *res judicata* in its briefing. Perhaps that is because MASA dropped its claims with respect to the '756 Patent during the case narrowing process. In addition, MASA seeks to accuse additional products of infringement in this matter that were not part of its claims in *MASA I/II*. As a result, MASA's claims based on a different patent and different accused products are not futile.

**Count III – the '415 Patent**

6. MASA has also stated a plausible claim of infringement of U.S. Patent No. 8,005,415 (the "'415 Patent").

7. *First*, it is not clear that prosecution disclaimer and/or collateral estoppel would apply to MASA's claims regarding the "belt glosser" claim elements in Claims 1 and

3

9 of the '415 Patent.  Similar to *res judicata*, Ricoh alludes to these doctrines, but it never argues that either one applies.  In any event, even if MASA argued to PTAB that a belt fusion station or fusing belt is not equivalent to a belt glosser, I cannot determine whether the fusing belt smoothing roller that MASA identifies for this claim element is the same (or different) than either of those things.  Because Ricoh's product information appears to draw a distinction between a fusing belt and a fusing belt smoothing roller, it is reasonable for me to infer that they are different.  Thus, at this stage, MASA's reliance on the smoothing roller is sufficient to state a claim for infringement.

8. However, MASA's argument is inconsistent with its proposed Amended Complaint in one important respect, however. In the proposed Amended Complaint, MASA alleges that "the '415 Accused Products include a belt glosser *such as the belt* that is moving within the unit."  (ECF No. 26-2 at ¶ 93 (emphasis added).)  The reference to the "belt" would reasonably lead Ricoh to think the belt is the infringing element, not the Fusing Belt Smoothing Roller. MASA should clarify this ambiguity and make the distinction clear in its Amended Complaint.

9. *Second*, my prior finding in *MASA I/II* that MASA had no evidence that Ricoh used a Duplo UV coater in conjunction with the accused printers does not render MASA's proposed claims implausible.  Unlike the method claims at issue in *MASA I/II*, MASA alleges infringement of the '415 Patent's system claim.  Thus, it may plead infringement by alleging that Ricoh sells or offers to sell the claimed system. *See MasterMine Software,*

*Inc. v. Microsoft Corp.*, 874 F.3d 1307, 1316 (Fed. Cir. 2017). Based on Exhibit 22 to the proposed Amended Complaint——a screenshot of the Ricoh Business Booster website touting Duplo UV Coaters as finishing solutions——it is reasonable for me to infer that Ricoh sells those products. Indeed, in *MASA I/II*, MASA presented evidence that "Ricoh entered into a reseller agreement with Duplo and could sell Duplo's UV coaters in conjunction with Ricoh products." *Midwest Athletics & Sports All. LLC v. Ricoh USA, Inc.*, No. 19-cv-00514-JDW, 2021 WL 3722329, at *6 (E.D. Pa. Aug. 23, 2021), *aff'd*, No. 2021-2340, 2022 WL 16729457 (Fed. Cir. Nov. 7, 2022). Therefore, it is plausible that Ricoh infringes the '415 Patent by selling the claimed system.

10. *Third*, and relatedly, my finding of non-infringement of the Pentachrome Patents at issue in *MASA I/II* has no bearing on whether MASA has pled a plausible claim of infringement of the '415 Patent——a different patent. This is true regardless of whether MASA accuses the same products from that case or relies on new accused products.

11. *Fourth*, even if MASA could have sought discovery on Ricoh's Pro C7200 and C7210 series printers in *MASA I/II* (which is by no means certain, as MASA did not accuse those printers in that case), MASA's failure to do so has no bearing on whether it stated a plausible claim of infringement as to the '415 Patent here. Moreover, if Ricoh has a colorable *res judicata* argument as to MASA's claims, it must do far more than assert that MASA could have accused these printers of infringement in the prior action.

**Count II – the '285 Patent**

12. Finally, the Court agrees with MASA that its "original allegations for the '285 Patent are already part of this action and not subject to this motion to amend." (ECF No. 32 at 9.) Ricoh admits that for the '285 Patent "MASA re-used the same pleadings from its November 2020 complaint in this case, simply moving this claim from Count I to Count II in the amended complaint[.]" (ECF No. 31 at 4.) "Although the Court considers whether an amendment is futile based on whether it would survive a motion to dismiss, the Court must consider whether the <u>amendment</u> itself is futile, <u>not</u> the claims in the original Complaint." *Danise v. Saxon Mortg. Servs., Inc.*, No. 15-cv-6062, 2016 WL 4769733, at *8 (D.N.J. Sept. 12, 2016) (original emphasis); *see also Telebrands Corp. v. Everstar Merch. Co., Ltd.*, No.17-cv-2878, 2018 WL 585765, at *2 (D.N.J. Jan. 29, 2018). Like the defendants in *Danise* and *Telebrands*, Ricoh answered MASA's original Complaint and did not move to dismiss the claims based on the '285 Patent. Because MASA's inclusion of this claim is not an amendment, Ricoh cannot argue futility as to this count. Instead, Ricoh will have to file a separate motion if it seeks dismissal of those claims.

**Request For A Stay**

13. MASA's request for a stay of the '285 Patent is premature. For all practical purposes, nothing of substance will take place in this matter in the next six to eight weeks. Rather than resolve this issue now, where there is no pressing need, I will explore the issue

with the Parties during the Rule 16 conference, where we will discuss case management in general.

In light of the foregoing, it is **ORDERED** that MASA's Motion To File Amended Complaint And To Stay The Case With Respect To The '285 Patent (ECF No. 26) is **GRANTED IN PART** and **DENIED IN PART**, as follows:

1. The motion is **GRANTED**, with respect to MASA's request for leave to amend, consistent with the analysis set forth above;

2. The motion is **DENIED WITHOUT PREJUDICE**, with respect to MASA's request for a stay; and

3. MASA may file an Amended Complaint, consistent with this Order, on or before March 10, 2023.

                                                  **BY THE COURT:**

                                                  */s/ Joshua D. Wolson*
                                                  JOSHUA D. WOLSON, J.